# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAURA DAWSON,<br><br>　　　　Plaintiff,<br><br>V<br><br><br>CIGNA CORPORATION, LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA LIFE INSURANCE COPMANY OF NEW YORK, and CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　Defendants. | Oakland Co. Cir. Court<br>　　　No. 20-180589-CK<br><br>HON. NANCI J. GRANT<br><br>U.S. District Court Case No.:<br><br>HON. |
| RYAN P. DOBSON (P76734)<br>Law Offices of Daniel Randazzo<br>*Attorneys for Plaintiff*<br>2731 South Adams Road, Suite 100<br>Rochester Hills, MI  48309<br>(248) 853-1003<br>ryanpdobson@gmai.com | KEVIN M. BLAIR (P76927)<br>Honigman LLP<br>*Attorneys for Defendants*<br>222 North Washington Square, Suite 400<br>Lansing, MI  48933-1800<br>(517) 377-0716<br>kblair@honigman.com |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| To:　Clerk of the Court<br>　　　U. S. District Court<br>　　　Eastern District of Michigan | Ryan P. Dobson<br>Attorney for Plaintiff |

　　　Defendants, by their attorneys, pursuant to 28 U.S.C. §§ 1441 and 1446 and Fed. R. Civ. P. 81(c), hereby give notice of removal of this action to the United States District Court for the Eastern District of Michigan, and in support states:

　　　1.　　Plaintiff filed a Complaint against Defendants, Case No. 20-180589-

CK, alleging wrongful failure to pay benefits under a group accident policy. A true and correct copy of Plaintiff's Complaint is attached as *Exhibit A*.

2. Defendants were served with the Complaint via certified mail on or about April 13, 2020.

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, there being a federal question. Specifically, Plaintiff has alleged a claim under ERISA, 29 U.S.C. § 1001 et seq.

4. According to Plaintiff's Complaint, (1) a group employee benefit plan was established or maintained by Laura Dawson's employer that included a voluntary, dependent group accident insurance for participants directly or through insurance or otherwise, (2) Laura Dawson is a participant in the plan and has standing to sue, and (3) Plaintiff is seeking compensatory relief akin to that available under 29 U.S.C. § 1132(a)(1)(B). *See, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64; 107 S.Ct. 1542; 95 L.Ed.2d 55 (1987) (concluding that there is an exception to the well-pleaded complaint rule where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep). In other words, "when a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200; 124 S.Ct. 2488, 2495; 159 L.Ed.2d 312 (2004). ERISA is

one of those statutes.

5. The United States Supreme Court has held that the scope of the "state law" that is preempted by ERISA is extremely broad. *See*, *e.g.*, *Metro. Life*, *supra*; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41; 107 S. Ct. 1549; 95 L.Ed.2d 39 (1987). Congress has clearly provided that ERISA broadly preempts state law:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter ***shall supersede any and all State laws insofar as they may now or hereafter <u>relate to</u> any employee benefit plan*** described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a) (emphasis added).

6. All state law claims completely preempted by ERISA are displaced by ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), so that such state law claims actually allege only federal law claims under ERISA. *Metro. Life*, *supra* at 64; *see also Cox v. Blue Cross and Blue Shield of Michigan*, 869 F. Supp. 501, 503 (E.D. Mich. 1994) ("Where a lawsuit is essentially one to recover benefits from an ERISA plan, it comes under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), and is preempted by ERISA.").

7. Plaintiff's claim relates to and is preempted by ERISA because Plaintiff seeks to recover group accident benefits allegedly due under the terms of an ERISA plan.

8. The United States District Court for the Eastern District of Michigan

3

is the federal district court having jurisdiction over the place where the Oakland County Circuit Court, Case No. 20-180589-CK, is located. Venue is proper in the United States District Court for the Eastern District of Michigan.

9. This Notice has been made in a timely manner, pursuant to 28 U.S.C. § 1446(b). No further proceedings have occurred in Oakland County Circuit Court, Case No. 20-180589-CK.

10. No Defendant has yet filed an answer or other pleadings in that case.

11. A copy of the Notice of Removal filed with the Oakland County Circuit Court, Case No. 20-180589-CK, is attached hereto as *Exhibit B*.

12. A true and correct copy of this Notice has been sent to the Clerk of the Oakland County Circuit Court for filing, as provided by law, and a copy is also being served on counsel for Plaintiff.

WHEREFORE, Defendants hereby give notice of removal of Oakland County Circuit Court, Case No. 20-180589-CK, to the United States District Court for the Eastern District of Michigan and respectfully request that all future proceedings be held in this Court.

    Respectfully submitted,
    Honigman LLP
    *Attorneys for Defendants*

Dated: May 11, 2020    By:  /s/ Kevin M. Blair (P76927)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2020, I electronically filed the foregoing document, along with this Certificate of Service, which was also served by U.S. mail to Plaintiff's counsel at their address shown in the caption above.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

                        /s/ Kevin M. Blair